George Jerrold LONG, Appellant,

v.

CITY OF WICHITA FALLS, Appellee.

No. 2–87–143–CV.

Court of Appeals of Texas,
Fort Worth.

April 14, 1988.

Rehearing Denied May 19, 1988.

Nutt, Brooks & Campbell and John Perry Brooks, Wichita Falls, for appellant.

Office of City Atty., and B. Jean Thompson, Wichita Falls, for appellee.

Before BURDOCK, HILL and FARRIS, JJ.

## OPINION

FARRIS, Justice.

George Jerrold Long, appellant, was indefinitely suspended from the Wichita Falls Fire Department. The Wichita Falls Civil Service Commission (the Commission) found that Capitan Long had used sick leave time during a period in which he was fit to return to duty and falsified a doctor's signature to a medical release. The Commission ordered that the suspension be made permanent, and Captain Long was dismissed from the Fire Department. On appeal, the district court found substantial evidence to support the Commission's decision and held that it had no authority to overrule the Commission's decision on punishment.

In his appeal before this court, appellant raises two points of error. His first point of error, including five subpoints, argues in sum that the Commission hearing was not free of the taint of illegality and therefore denied him procedural due process. More specifically, appellant argues that he was denied procedural due process because: the Commission admitted into evidence a doctor's sworn affidavit; admitted evidence pertaining to second job activities not appropriately set out in a department head's written charges to the Commission; refused to allow evidence of punishment in other similar instances; and failed to provide a complete record of the Commission hearing. In his second point of error, appellant argues that the district court should have overruled the Commission's decision as to appellant's punishment.

We overrule all points and subpoints and affirm the judgment of the trial court.

In April, 1985, appellant broke his thumb while off duty. He was placed on extended sick leave. Appellant was scheduled to return to work on July 3, 1985, but did not in fact return to duty until July 9, 1985.

He was informed that he needed to obtain a medical release in order to return to duty. Appellant obtained a medical release form, forged the signature of his treating physician, Dr. Max Brazil, and returned it to his superiors.

As pointed out above, appellant's first point encompasses a number of subpoints. Subpoint A contends that the Commission should not have allowed the admission of an affidavit by Dr. Brazil stating that the signature on the medical release was forged. The gist of appellant's argument is that since appellant had already admitted to forging the signature, the affidavit of Dr. Brazil was unnecessary.

Appellant has in no way demonstrated how the admission of this affidavit amounts to error. A municipal administrative body like the Commission has broad discretion as to the kind of evidence it will hear. Furthermore, the affidavit pertained directly to the facts and circumstances leading to the appellant's suspension. Absent a showing by appellant that the evidence was received outside the context of the Commission hearing or was completely unrelated to the written charges put forth by the department head, we will not disturb that discretion on appeal. Appellant's subpoint A is overruled.

In appellant's subpoint B, he argues that the Commission improperly heard evidence regarding appellant's second job activities when such activities were not set out in the formal charges preferred by his department head.

TEX.REV.CIV.STAT.ANN. art. 1269m, sec. 16b(b) (Vernon 1963),[1] requires a department head who suspends an employee to file a written statement with the Commission giving the reasons for the suspension. Such written statement must contain the alleged acts of the employee and must specifically state the Civil Service rules which have been violated. *See id.* While a department head's written statement need not rise to the technical level of

a criminal indictment, the scope of the Commission hearing is generally limited to charges set forth therein. *See Firemen's and Policemen's v. Lockhart,* 626 S.W.2d 492, 493 (Tex.1981).

In this case, however, the evidence as to second job activity during the time appellant was on sick leave was elicited from the appellant by his attorney during direct examination. Appellant's attorney also elicited testimony from fellow firemen and an individual on whose house appellant worked that appellant engaged in second job activities while on sick leave. By introducing this evidence himself, appellant has waived any error in the admission of evidence regarding second job activities. Appellant's subpoint B is overruled.

Appellant contends in subpoint C that the Commission should have considered evidence of punishment in other similar instances to show that the recommended action did not fit the offense. We disagree. The propriety of a disciplinary measure meted out by the Commission is a matter of internal administration with which a court should not interfere absent a clear abuse of authority. *See Firemen's & Policemen's Civ. Serv. v. Brinkmeyer,* 662 S.W.2d 953, 954 (Tex.1984). We believe that the Commission's discretion in admitting evidence regarding the propriety of a particular disciplinary measure is coextensive with this policy. Furthermore, there is no express or implied statutory requirement saying that the Commission must consider evidence of this nature. We do not find that the Commission abused its authority in excluding the proffered evidence. Appellant's subpoint C is overruled.

Appellant's subpoint D complains that he was denied procedural due process because the record of the Commission is not complete. Appellant claims, and the hearing record so indicates, that the recording device was turned off during bench conferences between the attorneys and the Commission members as to the admissibility of evidence.

1. Article 1269m, sec. 16b(b) has now been codified in the TEX.LOC.GOV'T CODE ANN. sec. 143.052 (Vernon Pamph.1988).

 Appellant cites *Ducoff v. Ducoff*, 523 S.W.2d 264 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ), as authority for the proposition that he is entitled to a complete trial-like statement of facts including the transcription of the reporter's notes on legal issues of relevancy taken up with the Commission. *Ducoff* is fundamentally distinguishable. That case was a suit affecting the parent-child relationship, not an administrative proceeding. As such, it was governed by a specific statute requiring that "[a] record shall be made as in civil cases generally unless waived by the parties with the consent of the court." TEX. FAM.CODE ANN. sec. 11.14(d) (Vernon 1986). We find no such specific statutory requirement in article 1269m. We have carefully examined the record of the Commission hearing, introduced as exhibits during the appeal to the district court. We find that it is complete in all respects except for discussions regarding the admission of evidence. Appellant cites no authority, nor are we aware of any, which says that a word-for-word trial-like statement of facts is required under article 1269m.

In his subpoint E, appellant claims that the cumulative effect of the alleged errors in subpoints A through D, was to deny him procedural due process. Because we have held above that none of these subpoints amounts to error, we overrule appellant's subpoint E.

Appellant's second point argues that the trial court improperly relied on the substantial evidence rule when it refused to overrule the Commission's decision on punishment. We agree with appellant that the trial court's review is limited in scope to two distinct issues: whether the agency's ruling is free of the taint of illegality; and whether the Commission ruling is supported by substantial evidence. *See* TEX. REV.CIV.STAT.ANN. art. 1269m, sec. 18 (Vernon 1963). Appellant claims that since the hearing was not free of the taint of illegality, the substantial evidence question is never reached.

 Appellant cites *Firemen's & Policemen's Civil Ser. v. Bonds*, 666 S.W.2d 242 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd) to support his argument that the inquiry into the taint of illegality is a separate inquiry from that of substantial evidence. While we agree with this contention, we disagree with his contention that the hearing in the instant case was not free of the taint of illegality. In *Bonds*, the court was careful to point out that the civil service hearing was tainted because evidence was received by the commission prior to the hearing contrary to the explicit language of article 1269m. *See id.* at 245. We have previously held under appellant's first point that the hearing was free of the taint of illegality and that appellant received the procedural due process to which he was entitled. Absent the issue of substantial evidence, appellant's second point is identical to his first. We overrule both points.

The judgment of the trial court is affirmed.