William BROOKS, Appellant,

v.

Sheriff Johnny KLEVENHAGEN, Sheriff of Harris County, Texas; and Harris County Sheriff's Civil Service Commission, Appellees.

No. C14–90–120–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 7, 1991.

Richard L. Aman, Houston, for appellant.

Barbara Baruch, Houston, for appellees.

Before ROBERTSON, ELLIS, and ROBERT E. MORSE, Jr., Retired Justice (sitting by designation), JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a judgment in the district court upholding an order of the Harris County Sheriff's Department Civil

Service Commission. The civil service commission order upheld the dismissal of appellant, a deputy, from the Harris County Sheriff's Department. In two points of error, appellant complains that the civil service commission violated his substantive and procedural due process rights by admitting a hearsay statement and two affidavits of witnesses who were not present at the commission's hearing and not subject to cross-examination. We affirm.

Appellant was hired by the Harris County Sheriff's Department in November 1987. In May 1988, he received an assignment to the "female" floor of the Harris County Jail. Later that month, he came to know an inmate by the name of Carolyn Knowles who was incarcerated there on a forgery charge. Ms. Knowles was subsequently transferred to the Montgomery County Jail in the latter part of June 1988. While she was incarcerated in the Montgomery County Jail, the Montgomery County authorities found letters written by Ms. Knowles implicating appellant in an intimate relationship with her during her incarceration in Harris County. The letters were turned over to the Harris County Sheriff's Department. The sheriff's department conducted an investigation into the matter and, upon completion of its investigation, terminated appellant's employment.

Appellant appealed his termination to the Harris County Sheriff's Department Civil Service Commission. Apparently, at the commission hearing, the sheriff's department presented the affidavits of three Harris County inmates, including an affidavit by Ms. Knowles. The affiants were not present at the hearing and appellant did not request the commission to subpoena them. Appellant has not, however, brought forward a record of the proceedings before the commission.

Appellant appealed the commission's order upholding his dismissal to the district court pursuant to TEX. LOCAL GOV'T CODE ANN. § 158.037(a) & (b) (Vernon 1988). Those sections provide:

(a) An employee who, on a final decision by the commission, is demoted, suspended, or removed from a position may appeal the decision by filing a petition in a district court in the county within 30 days after the date of the decision.

(b) An appeal under this section is by trial de novo, and the judgment of the district court is appealable as in other civil cases.

*Id.* The district court found the order of the commission was reasonably supported by substantial evidence in existence at the time of the commission's decision and upheld the order in a judgment signed October 18, 1989.

When reviewing the judgment of the district court, we must determine whether there was substantial evidence introduced at the trial de novo to support the commission's order. *See Heard v. Incalcaterra,* 702 S.W.2d 272, 276–77 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). We note that "[d]ue process does not require that every administrative proceeding contain the full procedural framework of a civil trial." *Bexar County Sheriff's Civil Service Commission v. Davis,* 802 S.W.2d 659, 664 (Tex.1990). Further, an administrative agency such as a civil service commission has broad discretion as to the kind of evidence it will hear. *See Long v. City of Wichita Falls,* 749 S.W.2d 268, 270 (Tex. App.—Fort Worth 1988, writ denied). That discretion will not be disturbed absent a showing that the evidence complained of was received outside the context of the commission hearing or was completely unrelated to the charges put forth against the accused. *Id.*

In his two points of error, appellant claims that his substantive and procedural due process rights were violated at the civil service commission's hearing by the introduction of a hearsay statement and two affidavits of witnesses who were not present at the hearing and subject to cross-examination. We note at the outset that appellant does not complain that there was not substantial evidence introduced at the trial de novo to support the commission's order.

Where a party has the right to subpoena witnesses by requesting the agency representative to issue them, and he does

not make the request, he cannot later complain of the fact that he has been denied the right of confrontation of adverse witnesses and the right of cross-examination. *Cohen v. Perales,* 412 F.2d 44, 51 (5th Cir.1969), *rev'd on other grounds sub nom., Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *see also Diaz v. United States Postal Service,* 658 F.Supp. 484, 490 (E.D.Cal.1987).

■ The Texas Local Government Code empowers the sheriff's department civil service commission to adopt, publish, and enforce rules regarding disciplinary actions. TEX. LOCAL GOV'T CODE ANN. § 158.035(a)(5) (Vernon 1988). The rules of the Harris County Sheriff's Department Civil Service Commission provide that the commission "has the power to subpoena witnesses and to conduct such investigations as it deems necessary." HARRIS COUNTY SHERIFF'S DEPARTMENT CIVIL SERVICE REGULATIONS, Rule 12.04(g).

At the trial de novo, appellant's counsel at the civil service hearing testified that he was aware of the civil service commission's subpoena power. He admitted that he had not requested subpoenas for any witnesses whose affidavits were presented to the commission. He testified that although he did not recall whether he had received a list of witnesses on whom the county would rely, it was standard procedure to receive such a list. He also testified that he usually received a copy of the sheriff's department's file prior to a civil service hearing. He "assumed" he was provided with copies of the inmates' statements that were introduced at the hearing. He also stated that prior to the hearing he knew the commission would hear evidence by affidavit.

■ Further, appellant has not demonstrated that the admission of the affidavits, if they were in fact admitted into evidence at the commission hearing, was improper. The affidavits pertained directly to the facts and circumstances leading to appellant's termination and it was within the discretion of the commission to hear evidence by affidavit.

Because appellant had the right to request the commission to subpoena the sheriff's department's witnesses to appear at the civil service hearing and did not make such a request, we find that appellant's substantive and procedural due process rights were not violated and he was not denied the right to confront and cross-examine the witnesses against him.

After reviewing the record of the proceedings in the district court, we find that there was substantial evidence presented at the trial de novo to support the commission's order. Accordingly, we overrule appellant's two points of error and affirm the judgment of the court below.