Catherine WALLER, Appellant

v.

**BEXAR COUNTY SHERIFF'S CIVIL SERVICE COMMISSION,**
Appellee.

No. 04–02–00787–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 7, 2004.

David Van Os and Lisa Smith, David Van Os & Associates, P.C., San Antonio, for Appellant.

Susan A. Bowen, Asst. Crim. Dist. Atty., Civil Section, San Antonio, for Appellee.

Sitting: PAUL W. GREEN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This case arises from the allegedly unlawful termination of appellant Catherine Waller by the Bexar County Sheriff's Department. After three alleged instances of sleeping while on duty, the Sheriff's Department terminated Waller. Waller appealed to the Bexar County Sheriff's Civil Service Commission (Commission), arguing that she was not terminated for just cause. Following a hearing, the Commission denied Waller's appeal and upheld her dismissal. Waller then appealed the matter to the Bexar County District Court, and, following a hearing, the trial judge granted the Sheriff's Department's motion for summary judgment. Waller now appeals to this Court in two issues.

## BACKGROUND

On August 19, 1998, two employees witnessed Catherine Waller in a "sleeping position" at her assigned duty station. Waller denied being asleep when questioned. She was verbally counseled on her actions. On December 16, 1998, Waller was again observed sleeping while on duty. This time there were three witnesses to the incident. Waller was served a notice of proposed suspension in response to her conduct. On January 19, 1999, a sergeant found Waller asleep at her post for a third time. As a consequence of this final incident, Waller was served with a notice of proposed dismissal, followed by an order of dismissal.

Waller appealed her dismissal to the Bexar County Sheriff's Civil Service Commission. The Commission heard testimony and subsequently entered an order of denial, upholding Waller's dismissal. Waller then appealed to the district court. Following a hearing, the trial judge granted summary judgment against Waller. Waller now appeals to this Court.

## SUBPOENA OF OTHER EMPLOYEES' RECORDS

In her first issue, Waller argues the trial court erred in upholding the Commission's denial of her subpoena of the employment and disciplinary records of other employees who were situated similarly to her. She also claims this denial violated her rights to both due process and equal protection under the United States and Texas Constitutions.

The Fourteenth Amendment to the United States Constitution provides no State may "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV. The same guarantee is afforded citizens under the Texas Constitution. TEX. CONST. Art. 1, § 19. "Property," as used in the Fourteenth Amendment, includes the continuation of tenured government employment; accordingly, a tenured government employee cannot be discharged without affording him due process. *Gilbert v. Homar*, 520 U.S. 924, 928–29, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997).

Waller argues that, under Rule 11.07 of the Bexar County Sheriff's Civil Service

Commission Rules, the burden of proof at the appellate hearing is on the employee to prove that the adverse action should not be upheld, and, by denying her the right to subpoena the records in question, she was prohibited from meeting this burden, thereby denying her right to due process.[1] The Commission responds to this argument by contending the burden of proof in a civil service hearing is on the County. In the past, this Court has found the burden to have been placed on the County in spite of the Commission rules. In *Dallas County Civil Serv. Comm'n v. Warren*, this Court held the County must introduce the evidence to justify the termination because the County is seeking to take away the employee's property interest. 988 S.W.2d 864, 871 (Tex.App.-San Antonio 1999, no pet.); *see also Smith v. Bexar County Sheriff's Dept.*, 2002 WL 31114880 (Tex.App.-San Antonio 2002, no pet.). Furthermore, a review of the record indicates that the County did, indeed, bear the burden of proof at the hearing in that it presented its opening statement, witnesses, and closing argument before Waller.[2]

■ In her brief, Waller claims she was "wholly denied the opportunity to show that her public employer may have treated her disparately in comparison with other similarly situated employees." However, because Waller did not have the burden of proof at the hearing, she did not need to prove the County's adverse action should

not be upheld. Instead, the County bore the burden of justifying its actions. Even without the subpoena, Waller was still able to present a defense. Because she was not denied due process, Waller was not harmed by the Commission's refusal to grant her request for the subpoena of other employees' records.

■ Additionally, the Commission did not possess the power to subpoena such records. Under Texas Local Government Code § 158.035(a), a county's sheriff's civil service commission shall adopt, publish, and enforce rules regarding:

(1) selection and classification of employees;

(2) competitive examinations;

(3) promotions, seniority and tenure;

(4) layoffs and dismissals;

(5) disciplinary actions;

(6) grievance procedures;

(7) the rights of employees during an internal investigation; and

(8) other matters relating to the selection of employees and the procedural and substantive rights, advancement, benefits, and working conditions of employees. TEX. LOCAL GOV'T CODE ANN. § 158.035(a)(Vernon 1999).

There is no provision giving the Commission the authority to order the production of documents. The Commission argues that County entities have only those powers which are expressly granted to

---

1. Waller extends her due process argument into the field of equal protection by claiming she may have been treated differently from other employees who were also found sleeping while on duty, but she cannot know without the requested records, and the Commission's refusal to grant her request is therefore a denial of her constitutional right to equal protection. U.S. CONST. amend. XIV; TEX. CONST. Art. 1, §§ 13, 17, 19.

2. Although Rule 11.07 mandates that the burden of proof be placed on the employee at all times, Rule 11.08 states that the Sheriff's Office shall present the first opening statement, and Rule 11.12 allows the employee to present any evidence which indicates why the adverse action should be upheld "[a]fter the Sheriff's Office presents the case against the employee." In spite of Rule 11.07, the procedure to be followed at the disciplinary appeal suggests that the burden of proof is on the County, rather than the employee.

them by statute together with those powers necessarily implied from the authority conferred or duties imposed. *Stauffer v. City of San Antonio,* 162 Tex. 13, 344 S.W.2d 158, 160 (1961). However, Waller reads the above rule of law as empowering the Commission to adopt, publish, and enforce rules regarding disciplinary actions under the statute. TEX. LOCAL GOV'T CODE ANN. § 158.035(a)(5)(Vernon 1999). In other words, argues Waller, the Commission may adopt any language to grant itself necessary and implied powers. She goes on to suggest that the subpoena power is necessary to conduct a hearing on a disciplinary action and should therefore be impliedly within the purview of the Commission.

While we find Waller's argument to contain some merit, we do not find it to be applicable to the situation at hand. At least one other appellate court has found a sheriff's department civil service commission to have the *ability* to grant itself the power to subpoena under § 158.035. *See Brooks v. Klevenhagen,* 807 S.W.2d 777, 779 (Tex.App.-Houston [14th Dist.] 1991, no writ). In the *Brooks* case, however, the Harris County Sheriff's Department Civil Service Commission had given itself the subpoena power in its rules. The Bexar County Sheriff's Department Civil Service Commission has not.

Because Waller was denied neither due process nor equal protection by the Commission's denial of her subpoena request and, further, because the Commission does not even possess the power to issue such a subpoena, we overrule Waller's first issue.

## PROGRESSIVE DISCIPLINE

In her second issue, Waller contends the trial court erred in refusing to consider whether she was terminated for just cause or whether she was denied her statutory right to progressive discipline. Rule 9.0 of the Bexar County Sheriff's Civil Service Commission's rules states that discipline "shall be progressive and administered with the intent of assisting the employee to learn." Waller asserts that, contrary to Rule 9.0, she was denied her right to progressive discipline.

■ The record, however, belies this assertion. After the first incident, which occurred in August of 1998, Waller was verbally counseled. Following the second incident, in December of that same year, Waller was given a notice of proposed suspension. Finally, following the third incident of sleeping while on duty, Waller was given a notice of proposed dismissal and fired from her position as a detention officer. Although the Commission's rules fail to provide a definition of exactly what constitutes progressive discipline, a verbal reprimand, followed by a suspension, and finally a dismissal is logically progressive.[3] In addition, Rule 9.11 states that dismissal is to be used "when an employee has committed a major act or after repeating a prior disciplined act of a less severe nature."

Waller also argues that she was (1) twice disciplined for the same infraction[4] and (2) disciplined for an infraction more than 90 days after its occurrence[5] in violation of

---

**3.** In *Rogers v. City of Fort Worth,* a City Marshall explained that Fort Worth's definition of progressive discipline routinely involved counseling sessions followed by an oral or verbal reprimand, a written reprimand, a suspension and/or probation, and then termination. 89 S.W.3d 265, 281 (Tex.App.-Fort Worth 2002, no pet.).

**4.** Bexar County Sheriff's Civil Service Commission Rule 9.17 states an employee "will not receive more than one disciplinary action for the same violation."

**5.** Bexar County Sheriff's Civil Service Commission Rule 9.18 states no disciplinary action "for non-criminal activity shall be initi-

the Commission's rules. However, neither of these arguments is applicable to the situation at hand. Even if the Commission viewed each violation in conjunction with past violations, this cannot logically be taken to mean that the notice of suspension and the later notice of dismissal were both punishment for the August offense in violation of the Commission's rules as Waller argues. Nor can Waller's February dismissal, the result of three cumulative violations, be viewed as a disciplinary action "initiated against [Waller] for an act or conduct which occurred more than 90 days prior to the service of the notice of the proposed disciplinary action." For these reasons, we find Waller's second issue to be without merit. Issue two is overruled.

The judgment of the trial court is affirmed.

ated against an employee for an act or conduct which occurred more than 90 days prior to the service of the "Notice of Proposed Disciplinary Action."