IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00347-CV

 

In the
Interest of 

Z.A.T.,
K.M.T. & K.O.T., Children

 

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 99-2937-4

 



LEAD  Opinion



 








          Appellant Richard Owen Taylor complains
of the trial court’s order modifying the provisions of a divorce decree
regarding Appellee Valerie Annette Taylor’s and his parental rights and
duties.  Richard presents twenty-four issues in which he generally contends:
(1) the court abused its discretion by denying his request for a jury trial;
(2) the court abused its discretion by denying his motion to order Valerie to
bring the children to the trial and by denying him a continuance due to the
absence of a witness; (3) the court abused its discretion by limiting his impeachment
of Valerie and by excluding certain evidence; (4) there is no evidence or
factually insufficient evidence to support the court’s findings of fact and the
court’s conclusions of law are erroneous; (5) the court abused its discretion
by modifying the parties’ parental rights and duties in the manner it did; and
(6) the court abused its discretion by denying his motion for new trial.  The
judgment will be affirmed.

Background

          Richard’s and Valerie’s divorce decree
was rendered in December 2002.  At the time, Richard was imprisoned, and he
remains so under a forty-year sentence.  The decree named Valerie as sole
managing conservator of their three children and named Richard as possessory
conservator.  The decree gave each of them the standard rights and duties
attendant to his or her respective conservator status.  However, the decree
recognized that Richard could not currently exercise some of his rights because
of his incarceration.  Thus, the decree also provided that many of Richard’s
possessory rights would commence thirty days after his release.

          Richard has filed numerous pleadings
and instituted numerous proceedings (both before and after the final divorce
decree) with respect to his parental and custodial rights.  See In re Taylor, 28 S.W.3d 240 (Tex. App.—Waco 2000, orig. proceeding); In re Taylor, 39 S.W.3d 406 (Tex. App.—Waco 2001, orig. proceeding); In re Taylor, 45 S.W.3d 357 (Tex. App.—Waco 2001, orig. proceeding); Taylor v. Taylor,
63 S.W.3d 93 (Tex. App.—Waco 2001, no pet.); In re Taylor, 110 S.W.3d 67
(Tex. App.—Waco 2003, orig. proceeding) (per curiam).

          This appeal concerns Richard’s
petition to modify the conservatorship provisions of the decree.  Among other
things, Richard seeks: (1) more notice of activities in which the children are
involved; (2) more information about physicians and other caregivers; (3) more
involvement in making decisions regarding the children’s well-being; (4) more
prompt notice of emergencies and of the children’s activities; (5) to have his
parents named possessory conservators; (6) to restrict the children’s residence
to McLennan County; and (7) a permanent injunction prohibiting Valerie and
others from contacting the Department of Criminal Justice, Institutional
Division, or the Board of Pardons and Paroles regarding any alleged misconduct
on his part.

          Valerie filed a competing petition to
modify the decree.  She asked that Richard’s rights be limited “to prevent
further abuse of the court system” by his “vexatious litigation.”  She
requested a permanent injunction prohibiting Richard or anyone acting in his
behalf from removing the children from McLennan County and from communicating
with Valerie or the children other than through her attorney or some other
designated person.

          After a hearing, the court granted
Valerie’s petition and denied Richard’s.  Richard’s parents informed the court
in a letter that they would not pursue possessory conservatorship.

Modification of Decree

          Richard contends in his nineteenth through
twenty-second issues that the court abused its discretion by granting Valerie’s
petition and denying his own.  He contends in his twelfth through eighteenth
issues that there is no evidence or factually insufficient evidence to support twenty-two
of the court’s findings of fact and conclusions of law.  He contends in his
twenty-third issue that there is no evidence or factually insufficient evidence
to support the modification order.

                   A trial court has broad
discretion in child custody matters.  Pena v. Pena, 8 S.W.3d 639, 639 (Tex. 1999) (per curiam); In re J.R.P., 55 S.W.3d 147, 151 (Tex. App.—Corpus Christi
2001, pet. denied).  Thus, we review child custody orders under an
abuse-of-discretion standard.  See In re T.J.S., 71 S.W.3d 452, 458
(Tex. App.—Waco 2002, pet. denied); J.R.P., 55 S.W.3d at 151.

 

                    We do not conduct an
independent review of findings of fact in a child custody case under
traditional legal and factual sufficiency standards.  See In re J.C.K.,
143 S.W.3d 131, 135 (Tex. App.—Waco 2004, no pet.); London v. London, 94 S.W.3d 139, 143-44 (Tex. App.—Houston [14th Dist.] 2002, no pet.); cf.
Norris v. Norris, 56 S.W.3d 333, 338 (Tex. App.—El Paso 2001, no pet.). 
Rather, legal and factual sufficiency are factors which can be considered in
determining whether an abuse of discretion has occurred.  J.C.K., 143
S.W.3d at 135; London, 94 S.W.3d at 143-44; accord Beaumont Bank,
N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).

In re A.C.S., 157 S.W.3d 9, 20 (Tex. App.—Waco 2004, no
pet.).

          Section 156.101(1) of the Family Code[1]
provides:

                   The court may modify an order
that provides for the appointment of a conservator of a child, that provides
the terms and conditions of conservatorship, or that provides for the
possession of or access to a child if modification would be in the best
interest of the child and:

 

(1)  
the circumstances of the
child, a conservator, or other party affected by the order have materially and
substantially changed since the earlier of:

 

(A)  
the date of the rendition of
the order; or

 

(B)   
the date of the signing of a
mediated or collaborative law settlement agreement on which the order is based.

 

Tex. Fam. Code Ann. § 156.101(1) (Vernon Supp. 2005).

          There was no settlement in this case,
so the two relevant issues are: (1) whether the requested modifications would
be in the best interest of the children; and (2) whether there has been a
material change of circumstances since the rendition of the divorce decree.

          Richard concedes in his brief that
“the circumstances of a child or one or both of the conservators have materially
and substantially changed since the divorce” and that the only disputed issue
is whether the modification is in the best interest of the children.

          Valerie’s petition alleges that
limiting Richard’s rights and duties would be in the best interest of the
children, and the court so found.[2] 
From Valerie’s and Richard’s testimony, the court could conclude that the
provisions of the divorce decree imposed an unreasonable hardship on Valerie
and the children, particularly in the manner in which Richard insisted that
Valerie comply with those provisions.  Richard conceded on cross-examination
that he has “continually used the rights and duties of the parent in order to
launch lawsuit after lawsuit against Valerie.”

          Factors which may be considered in
deciding what is in the best interest of a child include:

          (1) the desires of the children, (2)
the emotional and physical needs of the children now and in the future, (3) the
emotional and physical danger to the children now and in the future, (4) the
parental abilities of the individuals involved, (5) the programs available to
those individuals to promote the best interest of the children, (6) the plans
for the children by these individuals, (7) the stability of the home, (8) the
acts or omissions of the parent which may indicate that the existing
parent-child relationship is not proper, and (9) any excuse for the acts or
omissions of the parent.

 

A.C.S.,
157 S.W.3d at 24 (citing Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976); In re C.R.O., 96 S.W.3d 442, 451 (Tex. App.—Amarillo 2002, pet. denied);
Bates v. Tesar, 81 S.W.3d 411, 434 (Tex. App.—El Paso 2002, no pet.)).

          A child’s best interest cannot be
determined in a vacuum.  Although consideration of the visitation rights of the
noncustodial parent is important, we must primarily concentrate on the general
quality of life for both the child and the custodial parent in assessing
whether a change is positive and in the child’s best interest.  

 

Id.
at 24-25 (quoting Echols v. Olivarez, 85 S.W.3d 475, 482 (Tex. App.—Austin
2002, no pet.)).

          When the evidence is viewed in light
of these considerations, I conclude that there is some evidence and factually
sufficient evidence to support the court’s determination that the modifications
would be in the best interest of the children.  Thus, it cannot be said that
the court abused its discretion by modifying the decree as it did. 
Accordingly, Richard’s nineteenth through twenty-third issues are overruled.

          There is no need to address Richard’s
twelfth through eighteenth issues, which challenge twenty-two of the court’s
findings of fact and conclusions of law, because the legal and factual
sufficiency of the evidence was considered in determining whether the court
abused its discretion in modifying the divorce decree.  See A.C.S.,
157 S.W.3d at 20.

Jury Trial

          Richard contends in his first issue
that the court erred by denying his request for a jury trial.  He complains
that he was improperly denied a jury on the issues of: “1) whether deleting and
removing the rights and privileges of Appellant would be a positive improvement
for the children; 2) whether specifying the rights and privileges of Appellant
would be a positive improvement for the children; 3) whether modifying the
possession of and access rights would be a positive improvement for the
children; and 4) whether the residence of the children should be restricted.”

          The denial of a jury request is
reviewed under an abuse-of-discretion standard.  Mercedes-Benz Credit Corp.
v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996); Taylor, 63 S.W.3d at
101.  In so doing, the entire record is reviewed to determine whether the
denial “is arbitrary, unreasonable, and without reference to guiding
principles.”  Id.

          The version of section 105.002 of the
Family Code applicable to this case[3]
provides in pertinent part:

           (c)  In a jury trial:

 

                    (1) a party is entitled to a
verdict by the jury on the issues of:

 

                             (A)     the
appointment of a managing conservator;

                             (B)      the
appointment of joint managing conservators;

                             (C)     the
appointment of a possessory conservator; and

                             (D)     the
determination of the primary residence of the child;

 

                    (2) a party is not entitled
to a jury verdict on the issues of:

 

                             (A)     child
support;

(B)      a specific term or
condition of possession of or access to the child; or

(C)     any right or duty of a
possessory or managing conservator, other than the issue of primary residence
determined under Subdivision (1)(D).

 

                    (3) the court may submit to
the jury an issue described by Subdivision (2).

 

          (d)  The court may not contravene a
jury verdict on an issue submitted under Subsection (c)(1).  A jury verdict on
an issue submitted under Subsection (c)(3) is advisory only.

 

Act of May 8, 1997, 75th Leg., R.S., ch. 180, § 1,
1997 Tex. Gen. Laws 1033, 1033-34 (amended 2003) (current version at Tex. Fam. Code Ann. § 105.002(c) (Vernon Supp. 2005)) (hereinafter, “section 105.002”).

          As Richard concedes in his brief, only
an advisory jury verdict would be permitted for most of the issues on which he
contends he was entitled to a jury, because these issues involve either (1) the
terms and conditions of possession of or access to the children or (2) the
parties’ respective rights and duties.  Id.  It is not reversible error
to deny a jury request on issues for which the jury’s verdict would be only
advisory.  See Martin v. Martin, 776 S.W.3d 572, 575 (Tex. 1989); In
re Marriage of Richards, 991 S.W.2d 32, 36 (Tex. App.—Amarillo 1999, pet.
dism’d).

          Only his request that the children’s
primary residence be restricted to McLennan County is included within the
matters for which a party may obtain a binding[4] jury
verdict under section 105.002.  See In re D.R.S., 138 S.W.3d 467, 470-71
(Tex. App.—Houston [14th Dist.] 2004, pet. denied).  Because the court denied
Richard’s request for a jury trial and because Richard’s request for a
restriction on the children’s primary residence is an issue for which a binding
jury verdict may be obtained under section 105.002, I conclude that the court
abused its discretion by denying Richard’s jury request.  See In re Shaftner,
900 S.W.2d 439, 441-42 (Tex. App.—Texarkana 1995, no writ).

          Nevertheless, this error does not
require reversal if “the record shows that no material issues of fact exist and
an instructed verdict would have been justified.”  Halsell v. Dehoyos,
810 S.W.2d 371, 372 (Tex. 1991) (per curiam); Taylor, 63 S.W.3d at 101.

          The only evidence offered in the
hearing pertinent to the issue of the children’s primary residence was
presented during the cross-examination of Richard by Valerie’s counsel. 
Richard testified that any move by Valerie (and the children) would limit his
“reasonable contact with the children” because, if she moved, he “would have no
way to contact any officials regarding information with the children.”[5] 
As Valerie’s counsel observed (but Richard disputed) however, any limitations
on Richard’s contacts with “officials” would not equate to limitations on his
contacts with the children.

          Accordingly, I conclude that Richard
presented no evidence to justify a restriction on the children’s primary
residence.  Because he presented no evidence on this issue, the improper denial
of his request for a jury trial does not require reversal.  See Halsell,
810 S.W.2d at 372; Taylor, 63 S.W.3d at 101.  Thus, Richard’s first
issue is overruled.

The Children’s Failure to Appear as Witnesses

          Richard contends in his second issue
that the court abused its discretion by denying his pretrial motion “to require
[Valerie] to bring the children to [the modification hearing].”[6] 
He contends in his third issue that the court’s “exclusion” of the children’s
testimony violated his right to due process.

          Richard did not request the issuance
of subpoenas to compel his children’s presence at the hearing.  I believe this
is fatal to his contention.

          Rule of Civil Procedure 176.8
provides:

          (a) Contempt.  Failure by any person
without adequate excuse to obey a subpoena served upon that person may be
deemed a contempt of the court from which the subpoena is issued or a district
court in the county in which the subpoena is served, and may be punished by
fine or confinement, or both.

 

          (b) Proof of Payment of Fees Required
for Fine or Attachment.  A fine may not be imposed, nor a person served with a
subpoena attached, for failure to comply with a subpoena without proof by
affidavit of the party requesting the subpoena or the party's attorney of
record that all fees due the witness by law were paid or tendered.

 

Tex. R. Civ. P. 176.8.

          If a witness who has been subpoenaed
fails to appear for trial, the trial court may issue a writ of attachment to
compel his attendance.  See id. 176.8(b).  However, if a proposed
witness was not subpoenaed by the party seeking to present his testimony, it
would “be improper” for a court to issue a writ of attachment.  See Thompson
v. Thompson, 380 S.W.2d 632, 639 (Tex. Civ. App.—Fort Worth 1964, no writ);
see also Fritsch v. J.M. English Truck Line, Inc., 151 Tex. 168, 246
S.W.2d 856, 859 (1952) (“If parties choose to forego their rights under [the
Rules of Civil Procedure] and resort to other and less effective and less
certain means of procuring the testimony of material witnesses they must be
held to do so at their own risk and with foreknowledge that they may be put to
trial without the benefit of the testimony.”).

          A subpoena is the proper means to
secure the attendance of a witness for trial.  If the witness fails to comply,
then the trial court may issue a writ of attachment to compel the witness’s
attendance.[7] 
Parties who fail to follow these procedures “do so at their own risk and with
foreknowledge that they may be put to trial without the benefit of the
testimony.”  See Fritsch, 246 S.W.2d at 859.

          The difficulty here is that there is
no statute or rule which provides for the issuance of a subpoena for a child to
testify in a civil trial.  The Code of Criminal Procedure expressly provides
for the subpoena of a child witness by “a subpoena directing a person having
custody, care, or control of the child to produce the child in court.”  See
Tex. Code Crim. Proc. Ann. art.
24.011(a) (Vernon Supp. 2005).  The Juvenile Justice Code has a similar
provision for summonses.  See Tex.
Fam. Code Ann. § 53.06(c) (Vernon 2002).  There is no comparable
provision for civil trials generally or for suits affecting the parent-child
relationship specifically.

          Under the Rules of Evidence, children
who “possess sufficient intellect to relate transactions with respect to which
they are interrogated” are certainly “persons” who may testify in civil
proceedings.  See Tex. R. Evid.
601(a).  Rule of Civil Procedure 176.2(a) authorizes a civil litigant to obtain
a subpoena commanding a “person” to “attend and give testimony at a deposition,
hearing, or trial.”  Tex. R. Civ. P. 176.2(a).

          I recognize that there are potential
drawbacks to requiring the issuance of subpoenas for child witnesses.  The
issuance of a subpoena for a child in a child custody proceeding may likely not
be conducive to the betterment of the relationship between the parents or
between the subpoenaed child and the parent who seeks his or her testimony. 
There is a risk of abuse in the use of such subpoenas, particularly in suits
affecting the parent-child relationship.  Nevertheless, the law does not
provide another means by which a parent may compel his or her child’s
testimony.  Nor is there reason to believe that an inappropriate subpoena
cannot be quashed, a protective order obtained, or appropriate sanctions
rendered where necessary or advisable.  See Tex. R. Civ. P. 176.6(d), (e), (f).

          Had Richard previously subpoenaed his
children, the trial court would have been empowered to issue writs of
attachment compelling their attendance if they failed to appear.  However,
because Richard did not subpoena his children, I cannot say that the court
abused its discretion by denying Richard’s motion to require Valerie to bring
the children to the hearing.  Cf. Thompson, 380 S.W.2d at 639.

          The availability of subpoenas for the
children provided Richard due process.  See Brooks v. Klevenhagen,
807 S.W.2d 777, 779 (Tex. App.—Houston [14th Dist.] 1991, no writ).

          Accordingly, Richard’s second and
third issues are overruled.

Denial of Continuance

          Richard contends in his fourth and
fifth issues respectively that the court abused its discretion by denying his oral
motion for continuance premised on the absence of a witness and that the denial
of the motion violated his right to due process.

          The denial of a continuance motion is
reviewed under an abuse-of-discretion standard.  Joe v. Two Thirty Nine
Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).  If a continuance motion
does not comply with Rule of Civil Procedure 251, it will be presumed that the
court did not abuse its discretion by denying the motion.  See Villegas v.
Carter, 711 S.W.2d 624, 626 (Tex. 1986); Phifer v. Nacogdoches County Cent. Appraisal Dist., 45 S.W.3d 159, 173 (Tex. App.—Tyler 2000, pet. denied).

          Richard’s oral continuance motion did
not comply with Rule 251, which requires that a continuance motion be “supported
by affidavit.”  Tex. R. Civ. P. 251. 
Accordingly, no abuse of discretion is shown.  See Villegas, 711 S.W.2d at
626; Phifer, 45 S.W.3d at 173.

          Richard’s failure to take advantage of
the available procedures for obtaining a continuance does not equate to a
denial of due process.  See Brooks, 807 S.W.2d at 779.

          Accordingly, his fourth and fifth
issues are overruled.

Impeachment of Valerie

          Richard contends in his sixth and
seventh issues respectively that the court abused its discretion by refusing to
permit him to impeach Valerie (1) with prior inconsistent statements and (2)
about her opinion of him as a father.  He contends in his eighth issue that
these limitations on his examination of Valerie violated his right to due
process.

          A court’s evidentiary rulings are
reviewed under an abuse-of-discretion standard.  See Exxon Pipeline Co. v.
Zwahr, 88 S.W.3d 623, 629 (Tex. 2002); In re Estate of Robinson, 140
S.W.3d 782, 790 (Tex. App.—Corpus Christi 2004, pet. denied).

          Rule of Evidence 613(a), which governs
the impeachment of a witness with a prior inconsistent statement, provides:

                   In examining a witness
concerning a prior inconsistent statement made by the witness, whether oral or
written, and before further cross-examination concerning, or extrinsic evidence
of, such statement may be allowed, the witness must be told the contents of
such statement and the time and place and the person to whom it was made, and
must be afforded an opportunity to explain or deny such statement.  If written,
the writing need not be shown to the witness at that time, but on request the
same shall be shown to opposing counsel.  If the witness unequivocally admits
having made such statement, extrinsic evidence of same shall not be admitted.

 

Tex.
R. Evid. 613(a).

          Rule 613(a) provides the predicate
which must be established before a witness may be impeached with a prior
inconsistent statement.  See In re A.B., 133 S.W.3d 869, 874 (Tex.
App.—Dallas 2004, no pet.); Downen v. Texas Gulf Shrimp Co., 846 S.W.2d 506,
512 (Tex. App.—Corpus Christi 1993, writ denied).

          Here, Richard asked Valerie whether she
had testified in a prior hearing that the divorce decree required her to
provide him “with the daycare officials, school officials, and medical
officials information.”  Valerie confirmed that she had so testified.  Richard
then asked Valerie whether she had provided this information to him, and she
testified that she had.[8]  Richard
did not ask Valerie whether she had testified in the prior hearing that she had
not provided the information to him.

          Instead, Richard advised the court
that he would “like to go over [Valerie’s] testimony regarding that matter.” 
The court responded that a transcript of the prior hearing was not available
and that Richard did not “need to be going over things we’ve already gone
over.”  Richard replied that Valerie was “now changing her testimony.”

          Richard never told Valerie of the
contents of her alleged prior inconsistent testimony and never afforded her an
opportunity to explain or deny such testimony.  See Tex. R. Evid. 613(a); A.B., 133
S.W.3d at 874; Downen, 846 S.W.2d at 512.  Because Richard did not lay a
proper predicate to impeach Valerie with her alleged prior inconsistent
testimony, the court did not abuse its discretion by denying Richard’s request
“to go over [Valerie’s] testimony regarding that matter.”  Id.  Accordingly,
we overrule Richard’s sixth issue.

          Valerie’s counsel asked her to give
her opinion of Richard as a father before his incarceration.  She responded
that Richard “had nine affairs” before his incarceration, that they were
impoverished, that they had no stable home, and that at times they did not have
water available to make formula for their infant twins.  Richard did not object
to this testimony.

          Richard then sought to ask Valerie
about her involvement in the alleged affairs.  Valerie’s counsel objected that
the issue was irrelevant because it involved circumstances existing before the
entry of the decree sought to be modified.  The court sustained the objection.

          “[E]vidence regarding changed
circumstances is generally relevant only insofar as it reflects a change of
circumstances occurring after the date of rendition of the decree sought to be
modified.”  In re C.Q.T.M., 25 S.W.3d 730, 735 (Tex. App.—Waco 2000,
pet. denied).  Thus, it cannot be said that the court abused its discretion by
disallowing this line of questioning.

          Nevertheless, Richard notes that the
court made an express finding[9]
consistent with Valerie’s testimony that he “had numerous affairs” during their
marriage.  However, because evidence of circumstances before the date of the divorce
decree is not generally relevant, this finding is immaterial and should be
disregarded.  See S.E. Pipeline Co. v. Tichacek, 997 S.W.2d 166, 172 (Tex. 1999); Anderson, Greenwood & Co. v. Martin, 44 S.W.3d 200, 216 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).  Accordingly, Richard’s seventh issue is
overruled.

          Richard also contends that these
evidentiary rulings operated to violate his right to due process.  We
disagree.  Rule 613(a) specifies the procedures to follow to impeach a witness
with prior inconsistent testimony, and Richard did not follow them.  See Brooks, 807 S.W.2d at 779.  A litigant’s constitutional right to due
process does not accord him a right to the admission of irrelevant evidence.  See
Darnes v. State, 118 S.W.3d 916, 919-20 (Tex. App.—Amarillo 2003, pet.
ref’d).  Accordingly, Richard’s eighth issue is overruled.




Exclusion of Evidence

          Richard contends in his ninth and
tenth issues respectively that the court abused its discretion by excluding
“evidence regarding prior litigation” and evidence regarding “a CPS report
against [Valerie].”  He contends in his eleventh issue that the exclusion of
this evidence violated his right to due process.

          Valerie alleged that Richard had
engaged in “harassing litigation” since the divorce.  Under examination by
Valerie’s counsel, Richard denied that he has pursued this litigation to harass
Valerie.  Counsel reminded Richard that the litigation had been going on for
five years.  Richard then attempted to testify about the history of the litigation,
beginning with the first proceeding.  The court sustained counsel’s objection
as follows:

          I will sustain the objection.  Also, I
don’t need ya’ll—I mean, the file speaks for itself.  It’s a 23-page docket and
56 volumes of files.  I don’t need you arguing over what part of it was
relevant and not relevant.  Just move on.

 

          We perceive no abuse of discretion in
this ruling.  Accordingly, we overrule Richard’s ninth issue.

          Richard also sought to introduce
evidence of an investigation of Valerie conducted by Child Protective Services
in 2001.  However, because this is evidence of circumstances before the entry
of the divorce decree, it cannot be said that the court abused its discretion
by excluding it.  See C.Q.T.M., 25 S.W.3d at 735.  Accordingly,
Richard’s tenth issue is overruled.

          Because the court did not abuse its
discretion in excluding the evidence addressed in Richard’s ninth and tenth
issues, no due process violation is shown.  See Darnes, 118 S.W.3d at
919-20.  Accordingly, Richard’s eleventh issue is overruled.

Motion for New Trial

          Richard contends in his twenty-fourth
issue that the court abused its discretion by allowing his motion for new trial
to be overruled by operation of law.

          Rule of Civil Procedure 321 requires a
motion for new trial to “briefly refer to that part of the . . . admission or
rejection of evidence . . . which [is] designated to be complained of, in such
a way that the objection can be clearly identified and understood by the
court.”  Tex. R. Civ. P. 321.  Rule
322 explains that “[g]rounds of objections couched in general terms—as that the
court erred . . . in excluding or admitting evidence . . . shall not be
considered by the court.”  Id. 322.

          Seven of the grounds raised in
Richard’s motion for new trial concern issues already addressed hereinabove. 
Because no error requiring reversal has been found with regard to the issues
already addressed, the court did not abuse its discretion in permitting
Richard’s motion for new trial to be overruled by operation of law with respect
to these issues.

          The other six grounds concern the
exclusion of evidence.  Some of these have been addressed hereinabove. 
However, Richard’s motion for new trial does not specify the particular
evidence which he contends was erroneously excluded.  Rather, the motion
alleges, for example, “Petitioner’s right to due process was violated in that
Petitioner was not permitted to introduce newly discovered evidence capable of
meeting Petitioner’s burden of proof for restricting the residence of Respondent.”

          Such general references to the alleged
erroneous exclusion of evidence, which do not inform the trial court as to what
the excluded evidence was, do not satisfy the requirements of Rules 321 and
322.  See Gerdes v. Kennamer, 155 S.W.3d 523, 532 (Tex. App.—Corpus
Christi 2004, pet. denied).  Accordingly, it cannot be said that the court
abused its discretion by allowing Richard’s motion for new trial to be
overruled by operation of law.  Thus, his twenty-fourth issue is overruled.

The judgment is affirmed.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring in the judgment with a separate opinion)

(Justice
Vance dissenting)

Affirmed

Opinion delivered and
filed April 5, 2006

[CV06]









[1]
          The Legislature amended section
156.101 in 2003, effective September 1, after Richard filed this modification
proceeding.  However, the amended version of the statute (which is the current
version) applies to all actions pending on the effective date.  See Act
of May 27, 2003, 78th Leg., R.S., ch. 1036, § 23(g), 2003 Tex. Gen. Laws 2987,
2994.

 





[2]
          See Findings of Fact Nos.
6 and 7.





[3]
          Unlike the 2003 amendment to the
modification statute (which applies to actions pending on or filed on or after
September 1, 2003), the 2003 amendment to the jury statute applies only to
actions filed on or after September 1, 2003.  See Act of May 27, 2003,
78th Leg., R.S., ch. 1036, § 23(c), 2003 Tex. Gen. Laws 2987, 2994.  Thus, the
former version of section 105.002 applies here.





[4]
          The term “binding” is used in
contrast with the term “advisory.”  Although a trial court may not disregard
“binding” jury findings under section 105.002(c), the court may (if warranted
by the evidence) grant a directed verdict before the jury’s verdict is rendered
or a new trial afterward.  See Fambro v. Fambro, 635 S.W.2d 945, 947 (Tex. App.—Fort Worth 1982, no writ); T.A.B. v. W.L.B., 598 S.W.2d 936, 938 (Tex.
App.—El Paso), writ ref’d n.r.e., 606 S.W.2d 695 (Tex. 1980) (per
curiam).





[5]
          This contention apparently
relates back to Richard’s claim that Valerie does not provide him timely or
adequate notice of the children’s activities, etc.

 





[6]
          This is how Richard
characterizes the motion in his brief.  The motion is entitled, “Petitioner’s
Motion for Children’s Attendance at Trial.”

 





[7]
          The dissent characterizes
Richard’s motion as a request that the trial court issue subpoenas compelling
Valerie to bring the children to the hearing.  I believe the motion is more
appropriately characterized as one requesting the court to issue a writ of
attachment compelling the children’s attendance.





[8]
          Richard says in his brief that
Valerie “testified that she did provide [him] with the names, addresses and
telephone numbers of the children’s school, dental, medical and daycare
officials.”  However, this mischaracterizes her testimony.  Valerie testified
only that she provided him “information” about “daycare officials, school
officials, and medical officials.”





[9]
          Finding of Fact No. 37.